IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

APR 2 6 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16-cr-34 |
| | ) | |
| QUINN AUSIDI GOFFIGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the Indictment and the following

facts are true and correct, and that had the matter gone to trial the United States would have

proven them beyond a reasonable doubt by admissible evidence, consisting of the following:

1. On the night of February 19th, 2014, the Virginia Beach Police were doing surveillance at

   a Red Roof Inn located in the City of Virginia Beach.

2. While conducting the surveillance, the police saw a Cadillac pull up. A man got out of

   the Cadillac and knocked on the door of one of the rooms at the hotel. At that point,

   police saw the man and a person subsequently identified as defendant Quinn Ausidi

   Goffigan walk over to a maroon Lexus in the hotel parking lot. The defendant opened

   the driver's side door of the Lexus and picked up a bag containing an off-white

   substance. The defendant then handed some of that off-white substance to the other man,

   at which point the other man got back in the Cadillac and drove away.

3. The defendant then got in the Lexus, started it up, and placed the bag of off-white

   substance on the passenger's seat of the Lexus. At this point, an officer came down from

   the second floor of the hotel and shined his flashlight towards the defendant. The

defendant then reached into the passenger's seat. As the officer approached, the defendant exited the Lexus quickly.

4. The officer came around the back of the Lexus and made contact with the defendant. The officer asked the defendant if he was staying at the hotel. The defendant indicated that he was and provided his room number. The officer asked for the defendant's identification, which the defendant handed the officer and told the officer that his name was Goffigan. The defendant got back into the Lexus while the officer ran his information.

5. The officer observed approximately fifteen rocks of an off-white substance in a plastic bag sitting on the backseat of the Lexus. At that point, the officer asked the defendant to stand up, turn around, and put his hands behind his back. At first, the defendant appeared to comply with the officer's commands, but then the defendant took off running. The officer pursued the defendant only a short distance, during which time the officer observed two cellphones drop from the defendant's person. The officer retrieved the phones and a search warrant was subsequently executed on those phones.

6. After discontinuing the foot pursuit, the officer returned to the maroon Lexus in the hotel parking lot. The officer observed the bag containing approximately fifteen off-white rocks where it had been a moment before, on the backseat of the Lexus. The officer retrieved the off-white substance and it was later submitted to the Virginia Department of Forensic Science, where it tested as 4.8126 grams of cocaine base.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:     _____

Kevin Hudson
Assistant United States Attorney
Virginia State Bar No. 81420
Attorney for the United States
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address:  kevin.hudson@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Quinn Ausidi Goffigan, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Quinn Ausidi Goffigan

I am Quinn Ausidi Goffigan's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Suzanne Katchmar, Esquire
Counsel for Quinn Ausidi Goffigan