IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



QUINN GOFFIGAN,

    Petitioner,

v.                                                        CRIMINAL ACTION NO. 2:16cr34

UNITED STATES OF AMERICA,

    Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Quinn Goffigan's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to Title 28, United States Code, Section 2255 ("2255 Motion"). ECF Nos. 51-52. Respondent filed a response to Petitioner's Motion, ECF No. 58, and Petitioner filed a reply to Respondent's response. ECF No. 61. Having thoroughly reviewed the motions, filings, and records in this case, the Court finds that no hearing is necessary to address Petitioner's Motion. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 6, 2016, a Grand Jury, in the Eastern District of Virginia, returned a three count Superseding Indictment against Petitioner. ECF No. 16. Count One charged Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846. *Id.* Counts Two and Three charged Petitioner with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). *Id.* Defendant was also cited with Asset Forfeiture, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461. *Id.*

1

Petitioner pled guilty to Count Two of the Superseding Indictment on April 26, 2016. ECF No. 20. On September 6, 2016, Petitioner was sentenced to 240 months on Count Two. ECF No. 33. Petitioner was also sentenced to supervised release for six years. *Id.* Petitioner filed this instant Motion on September 18, 2017. ECF No. 51. The Court ordered the United States Attorney to respond to Petitioner's § 2255 Petition. ECF No. 54. Respondent filed a Response to Petitioner's Motion on November 16, 2017. ECF No. 58. Petitioner filed a Reply to Respondent's Response on March 12, 2018. ECF No. 61.

## II. STANDARD OF REVIEW AND BURDEN OF PROOF

### A. Section 2255 Generally

A petitioner may move the court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in four instances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court lacked jurisdiction to impose the sentence; (3) the length of the sentence is in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (1948). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Jones v. United States*, No. 4:09CV76, 2010 WL 451320, at *4 (E.D. Va. Feb. 8, 2010) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint). Furthermore, if the motion is brought before the judge that presided over the conviction, the judge may rely upon recollections of previous events. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977); *Carvell v. United States*, 173 F.2d 348, 348-49 (4th Cir. 1949) (stating it is highly desirable that § 2255 motions "be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred.").

**B. Section 2255 Hearing Requirement**

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims,

3

however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

**C. Ineffective Assistance of Counsel**

As a general matter, a petitioner must satisfy two factors to establish ineffective assistance of counsel: "(1) that [counsel]'s performance fell below an objective standard of reasonableness, and (2) that [petitioner] was prejudiced by the deficiency because it created a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994) (citing *Smith v. Smith*, 931 F.2d 242, 244 (4th Cir. 1991)). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Id.*

Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused. *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). In applying and defining this standard, substantial deference must be accorded to counsel's judgment. *Id.* at 689. To succeed on a claim of ineffective assistance of counsel, petitioner must show (1) that counsel's representation was deficient and (2) that petitioner was prejudiced by counsel's performance. *Id.* at 693. If petitioner makes an insufficient showing on one prong, there is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry. *Id.* at 697. The Court is not required to begin with an analysis of the first prong of *Strickland* because "a court need not approach the inquiry in the same order," and "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

4

To demonstrate deficient representation, petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Petitioner must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance under the circumstances. *Id.* at 689.

Also, petitioner bears the burden of proving prejudice. *Fields v. Attorney General of the State of Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992). To demonstrate prejudice, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.*

### III. DISCUSSION

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel because Counsel was ineffective when (1) Counsel promised to get the career offender and 21 U.S.C. § 851 enhancements dismissed at sentencing, but failed to do so; (2) Counsel failed to subpoena, for the sentencing hearing, those witnesses who attributed historical drug weight to Petitioner for the sentencing hearing; (3) Counsel failed to investigate and subpoena, for the sentencing hearing, two deceased associates of Petitioner who were counted as participants towards Petitioner's sentencing enhancement under U.S.S.G. § 3B1.1(a); and (4) Petitioner decided not to go to trial because he was not aware of his right to counsel at trial or a right to testify on his own behalf at trial. Having thoroughly reviewed the motions, filings, and records for this case, the Court finds that a hearing is not necessary and will address each of Petitioner's argument in turn.

**A. Ineffective Assistance of Counsel as to the Career Offender and 21 U.S.C. § 851 Enhancements**

Petitioner's first claim is that Counsel promised to get the career offender and 21 U.S.C. § 851 enhancements dismissed at sentencing, but failed to do so.

When it comes to sentencings, to meet the prejudice prong of *Strickland*, the defendant must show that there is a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *Fields*, 956 F.2d at 1297; *see also Glover v. United States*, 531 U.S. 198, 202-04 (2001). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields*, 956 F.2d at 1299. A court can dismiss cases when a petitioner's Section 2255 claims contradict statements the defendant made at the plea colloquy. *See Blackledge*, 431 U.S. at 74.

Petitioner argues that his Counsel was ineffective because she failed to get the career offender and 21 U.S.C. § 851 enhancement removed from his sentencing guidelines as promised. Petitioner contends that he did not mention this promise to the Court because his Counsel instructed Petitioner that telling the Court of this promise would "make the [C]ourt angry and give him more time." ECF No. 52. Petitioner further argues that his Counsel could have made a better deal with Respondent because of the bargaining tools Counsel had to attack the credibility of the witnesses used to attribute drug weight to Petitioner. Petitioner also argues that he would not have pled guilty to this crime if he was not promised that these two enhancements would not apply towards his sentence. But for these promises, Petitioner would have pled not guilty and would have insisted on going to trial. However, Petitioner alleges that Counsel gave him strict instructions to not mention the promises and if he did not mention the promises, he would not have the enhancements applied to his sentencing guidelines. *Id.* He was also told that if he pled guilty, Respondent would advocate that Petitioner receive a lower sentence for not proceeding to trial. He further contends that statements he made at the sentencing hearing, in reference to his

satisfaction with counsel, were not made under oath and were not his true sentiments about his Counsel's performance during his case.

Respondent argues that Petitioner did not suffer any prejudice from the application of the career offender or 21 U.S.C. § 851 enhancements to his sentence. Respondent contends that the career offender enhancement did not impact Petitioner's sentence because the enhancement only increased Petitioner's criminal history category from V to VI. ECF No. 58. Respondent also states that the 21 U.S.C. § 851 enhancement increased Petitioner's statutory maximum from twenty years' imprisonment to thirty years' imprisonment; and the Court "did not avail itself of the extra sentencing leeway afforded to it by the § 851 enhancement" as the Court sentenced Petitioner to twenty years' imprisonment. *Id.*

Respondent also argues that neither Respondent nor Counsel promised Petitioner anything other than the promises from the plea agreement. Respondent states that Petitioner now contradicts his statements he made, under oath at the plea hearing, that he was not promised anything other than the promises made in the plea agreement. *Id.* at 6. Respondent further contends that Petitioner's plea agreement was Respondent's best offer that Petitioner could receive based on his crime. *Id.* Counsel also attested in her affidavit that "the plea agreement presented to the Court represented the first, best, and only offer from the government." ECF No. 57.

The Court finds that Petitioner was not prejudiced by the career offender or 21 U.S.C. § 851 enhancements. Because Petitioner was a career offender, his criminal history category was VI. ECF No. 36; U.S.S.G. § 4B1.1(b). Petitioner's status as a career offender did not alter his sentencing guideline range because his offense level, offense level of 40, was higher than the offense level prescribed to a career offender, an offense level of 34. ECF No. 36. After

subtracting three levels for acceptance of responsibility, Petitioner's total offense level was 37. *Id.* With a total offense level of 37 and a criminal history of VI, Petitioner's sentencing guideline range was 360 months of imprisonment to life. *Id.* With or without the Chapter Four Enhancement as a career offender, Petitioner's guideline range remained 360 months of imprisonment to life, and the statutory provision restricted that sentence to a maximum of 360 months' imprisonment. Also, Petitioner was not prejudiced by the Section 851 enhancement because the Court did not apply the enhancement's statutory maximum of 30 years' imprisonment. The Court sentenced Petitioner to 240 months' imprisonment, only 20 years' imprisonment. ECF No. 33.

Additionally, the Court concludes that Petitioner's statements that Counsel promised that the aforementioned enhancements would not apply, contradicts his statements made during his plea hearing. *See Blackledge*, 431 U.S. at 74. The Court specifically asked Petitioner if anyone made promises to him outside of the promises established in the plea agreement, and Petitioner responded in the negative. *See* Plea Hr'g Tr. at 4-5. Counsel and Respondent both affirmed with the Court that Petitioner's plea agreement was the best offer provided to Petitioner. *Id.* at 5.

Petitioner cannot satisfy the prejudice prong of the *Strickland* standard because Petitioner cannot show any prejudice from the application of these two enhancements as his sentence fell ten years under the maximum sentence the Court could have imposed on Petitioner. The Court also finds that there is no need to address the performance prong of *Strickland* because Petitioner has failed to meet the standards set forth in the prejudice prong.

Therefore, Petitioner does not have a claim for ineffective assistance of counsel based on an enhancement as a career offender.

## B. Ineffective Assistance of Counsel as to Counselor's Failure to Bring Forth Witnesses to Testify to Drug Weight Attributed to Petitioner

Petitioner's second claim is that Counsel failed to subpoena, for the sentencing hearing, those witnesses who attributed historical drug weight to Petitioner.

To prevail on the prejudice prong, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fields*, 956 F.2d at 1297. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004).

Counsel necessarily makes numerous tactical decisions during the various phases of a criminal proceeding and thus "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *See Strickland*, 466 U.S. at 689. Indeed, tactical trial decisions are "left to the judgment of counsel," and absent a few "fundamental issues that must be personally decided by the client," *e.g.*, pleading guilty, waiving jury rights, appealing a conviction, or taking the stand, "[c]ounsel need not consult with the client about the matter or obtain the client's consent." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir.2010).

"Due process requires that sentencing courts rely only on evidence with some minimal level of reliability." *United States v. Powell*, 650 F.3d 388, 394 (4th Cir. 2011); *see also United States v. Pineda*, 744 F.3d 313, 318 (4th Cir. 2014) ("At sentencing, the district court 'may

consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'"). The Fourth Circuit held that the Confrontation Clause does not apply at a sentencing hearing. *United States v. Crawford*, 734 F.3d 339, 344 (4th Cir. 2013).

Petitioner argues that his Counsel was ineffective when she failed to subpoena witnesses that Respondent used to attribute drug weight to Petitioner. Petitioner contends that if Counsel subpoenaed these witnesses, they would have impeached themselves on the stand because of their false testimony about the drug weight attributed to Petitioner, their criminal histories, and pattern of lying to law enforcement. Petitioner states that a lower drug weight would have decreased Petitioner's offense level because the Court would reduce the amount of drug weight that the Court would attribute to Petitioner when it came to Petitioner's sentencing guidelines.

Respondent argues Petitioner did not suffer any prejudice from Counsel's failure to subpoena those witnesses who attributed historical drug weight to Petitioner based on the Confrontation Clause. During the sentencing hearing, cooperating witnesses were not required to testify at the sentencing and the taskforce officer's testimony was more than sufficient to meet Respondent's burden in proving the drug weights attributed to Petitioner. Respondent also states that "defense [C]ounsel raised an objection to the marijuana equivalency ratio for crack cocaine, but did not object to the drug weight itself." ECF No. 58. Respondent contends that Counsel's objection to the crack cocaine ratio was a sound strategy because Counsel argued that the Court should sentence below the guidelines based on "a categorical disagreement with crack cocaine guidelines" as the crack cocaine marijuana equivalency ratio is too high. *Id.*

The Court finds that Petitioner was not prejudiced by Counsel failing to subpoena witnesses who attributed historical drug weight to Petitioner. The Petitioner's confrontation

rights do not apply during a sentencing hearing, and he was not prejudiced by Counsel failing to subpoena witnesses to testify to drug weights. *See Crawford*, 734 F.3d at 344. Respondent's met their burden to prove the drug weights and enhancements by a preponderance of the evidence because the Court found that the testimony of Task Force Agent James Thomas was sufficient and reliable enough to denote the drug weight attributed to Petitioner and resolve any objections Counsel had to the PSR. *See* Sentencing Hr'g Tr. at 48-53.

Petitioner cannot satisfy the prejudice prong of the *Strickland* standard because Petitioner cannot show any prejudice from Counsel's failure to subpoena witnesses who attributed drug weight to Petitioner. The Court also finds that there is no need to address the performance prong of *Strickland* because Petitioner has failed to meet the standards set forth in the prejudice prong.

Therefore, Petitioner does not have a claim for ineffective assistance of counsel.

## C. Ineffective Assistance of Counsel as to the U.S.S.G. § 3B1.1(a) Sentencing Enhancement

Petitioner's third claim is that Counsel failed to investigate and subpoena, for the sentencing hearing, two deceased associates[1] of Petitioner who were counted as participants towards Petitioner's sentencing enhancement, pursuant to U.S.S.G. § 3B1.1(a).

To prevail on the prejudice prong, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fields*, 956 F.2d at 1297.

The Fourth Circuit held that the Confrontation Clause does not apply at a sentencing hearing. *Crawford*, 734 F.3d at 344. Under the Sentencing Guidelines, a defendant shall receive a four point enhancement if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a).

---

[1] Both parties concede in their respective filings that the two associates were in fact deceased prior to Petitioner's sentencing hearing. Petitioner's contention that Counsel was ineffective for her failure to subpoena these two witnesses to testify at the sentencing hearing is frivolous.

11

Petitioner argues that Counsel was ineffective when she failed to subpoena two deceased participants in Petitioner's drug conspiracy to testify at Petitioner's sentencing. Petitioner contends that if these two witnesses were subpoenaed and failed to come to court, their testimony and participation in the conspiracy would not count towards the number of participants necessary to add the leadership enhancement, pursuant to U.S.S.G. § 3B1.1(a). Additionally, if these two deceased witnesses did not testify at court, Petitioner states that not having the opportunity to question and impeach these witnesses would violate his Confrontation Clause rights at the sentencing hearing. Petitioner also contends that his Counsel was ineffective for failing to even object to the application of this enhancement.

Respondent argues that Petitioner did not suffer any prejudice by Counsel's failure to subpoena two deceased associates of Petitioner who were counted as participants towards Petitioner's sentencing enhancement, pursuant to U.S.S.G. § 3B1.1(a). Respondent further contends that the Confrontation Clause does not apply to sentencing, and the taskforce officer's testimony at sentencing was sufficient to prove that there were a total of at least nine participants in Petitioner's drug trafficking activities. Respondent also argues that if the two witnesses are not included as part of the drug conspiracy, the conspiracy would still include seven participants. These seven participants are still sufficient to justify Petitioner receiving the full four points for his participation, under U.S.S.G. § 3B1.1(a), for leading a conspiracy with more than five participants. Lastly, Respondent contends that Counsel conducted a thorough investigation into the witnesses used to attribute drug weights to Petitioner. Counsel's investigation into these witnesses led to Counsel effectively cross-examining the taskforce officer on the witnesses' criminal histories, benefits they received from Respondent in exchange for their cooperation,

drug use, and lack of corroboration. ECF No. 58 at 13; *see also* Sentencing Tr. at 31-34, 37-39, 41-42.

The Court finds that Petitioner was not prejudiced by Counsel failing to investigate or subpoena two deceased witnesses for the sentencing hearing. As mentioned above, Petitioner's confrontation rights do not apply during a sentencing hearing. *See Crawford*, 734 F.3d at 334. Counsel's failure to subpoena witnesses that the Court counted as participants in Petitioner's drug conspiracy did not prejudice Petitioner. *See* Sentencing Tr. at 50-53. The Court found that Respondent's met its burden, by a preponderance of the evidence, that Petitioner was in fact an organizer or leader of a criminal activity that involved five or more participants based on the taskforce agent's reliable testimony. *Id.*; *see also* U.S.S.G. § 3B1.1(a). The Court counted at least nine participants in the drug conspiracy. Sentencing Tr. at 50-53. The taskforce officer's testimony was sufficient to prove that Petitioner's drug trafficking activities included four runners, two people that used their homes for distribution and production of the drugs, one person for whom Petitioner served as a source of supply, one middleman, and Petitioner himself. *Id.*; *see also* ECF No. 58 at 12. The Court therefore gave Petitioner the four level enhancement for his leadership in the drug crime. ECF No. 36.

Petitioner cannot satisfy the prejudice prong of the *Strickland* standard because Petitioner cannot show any prejudice from Counsel's failure to subpoena two deceased associates of Petitioner to testify at his sentencing. The Court also finds that there is no need to address the performance prong of *Strickland* because Petitioner has failed to meet the standards set forth in the prejudice prong.

Therefore, Petitioner does not have a claim for ineffective assistance of counsel.

**D. Ineffective Assistance of Counsel as to Counsel Not Informing Petitioner of His Sixth Amendment Rights at His Sentencing Hearing**

Petitioner's fourth claim is that Petitioner decided not to go to trial because he was not aware of his right to counsel at trial or a right to testify on his own behalf at trial.

A petitioner runs the risk of a court dismissing his Section 2255 claims when petitioner's claims contradict statements petitioner made under oath during the plea hearing. *United States v. Lemaster*, 403 F.3d 216, 220-221 (4th Cir. 2005).

Petitioner argues that his Counsel was ineffective when his Counsel did not repeat his trial rights at the sentencing hearing. Petitioner states that he would have withdrawn his guilty plea and proceeded to trial if he knew at sentencing that the two aforementioned enhancements would still apply to his criminal history and sentencing guidelines. ECF No. 61 at 3-4. He also contends that his Fifth Amendment Due Process rights were violated when neither Counsel nor the Court restated his trial rights during the sentencing hearing. He believes his rights were violated because the Court knew that Petitioner did not have a high level of education and should have known that he was not fully aware what he read and signed at the plea hearing. Additionally, he argues that his lack of education and poor mental capacity hindered his ability to comprehend his plea agreement and should therefore render the plea agreement void. *Id.* at 6-7.

Respondent argues that Petitioner did not suffer any prejudice from Counsel's failure to repeat his trial rights during sentencing. Respondent contends that Petitioner was aware of his trial rights because the plea agreement set out Petitioner's rights in writing and the Court reviewed these same rights with Petitioner during the plea hearing. ECF No. 14. Petitioner even states, under oath, that he read and understood his plea agreement and the rights he would waive by taking a plea deal. *Id.* Petitioner also signed the plea agreement stating he was aware of his rights and his waiver by taking the plea agreement. *Id.* Additionally, Petitioner even told the

Court that he was satisfied with the advice and counsel he received throughout his case at the sentencing hearing. *See* Sentencing Tr. at 2.

The Court finds that Petitioner cannot show prejudice in Counsel's failure to repeat his trial rights during the sentencing hearing. During the plea hearing, the Court explicitly told Petitioner that he had the right to plead guilty, the right to a public trial, a right to a jury trial, and the right to a speedy trial. *See* Plea Hr'g Tr. at 9-11. The Court even told Petitioner that he had the right to confront witnesses at trial and the right to remain silent during the trial. *Id.* The Court also explained that Petitioner would waive all of these rights if he pled guilty. *Id.* The record reflects that Petitioner understood all of his rights and effectively waived his rights. *Id.* Finally, Petitioner stated that he was satisfied with the advice provided by Counsel. *Id.* at 3. All of Petitioner's statements were made under oath. *Id.* at 2. Neither the Court nor Counsel had to repeat his waived rights during the sentencing hearing because the Court adequately explained his trial rights during his plea hearing. *See Lemaster*, 403 F.3d at 220-221.

Petitioner cannot satisfy the prejudice prong of the *Strickland* standard because Petitioner cannot show any prejudice from Counsel's failure to repeat Petitioner's trial rights at his sentencing hearing. The Court also finds that there is no need to address the performance prong of *Strickland* because Petitioner has failed to meet the standards set forth in the prejudice prong.

Therefore, Petitioner does not have a claim for ineffective assistance of counsel.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings, filings, and records in this case that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a

certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 23, 2018

Raymond A. Jackson
United States District Judge