IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

QUINN AUSIDI GOFFIGAN,

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

**Respondent.**

CRIMINAL ACTION NO. 2:16-cr-34

*MEMORANDUM OPINION AND ORDER*

Before the Court is Quinn Ausidi Goffigan's ("Petitioner") *pro se* motion seeking relief under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2). Letter Mot., ECF No. 87. After his counsel withdrew from the case, ECF No. 94, Petitioner supplemented his motion, in accordance with this Court's June 14, 2022 Order, ECF No. 96. *See* Pet'r's Second Mot. Reduce Sentence, ECF No. 97 ("Pet'r's Second Mot."). The Government opposed the motion. Gov't Resp. in Opp. to Pet'r's Mot., ECF No. 99. ("Resp. Opp."). Petitioner replied. ECF No. 102. Having reviewed the parties' filings, this matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DENIED.**

    **I.    FACTUAL AND PROCEDURAL HISTORY**

According to his presentence report ("PSR"), Petitioner was indicted for participating in a drug trafficking conspiracy to distribute cocaine from 2012 to 2015. PSR, ECF No. 31. On April 6, 2016, Petitioner was named alongside his co-defendants in a three-count Superseding Indictment. Super. Indict., ECF No. 16 ("Indictment"). On April 26, 2016, Petitioner pled guilty to Count Two, Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Plea Hear'g, ECF No. 20; *See* Plea Agreement, ECF No. 21. In his

presentence investigation report, Petitioner was attributed with 1,503.4615 grams of cocaine base ("crack") and 3 kilograms of cocaine. PSR at 8-9. Petitioner's base offense level was 32, which was based on a total converted drug weight of 5,967.37781065 kilograms of cocaine. *Id.* at 9. After several enhancements for a possession of a firearm, violence, and maintaining a drug-involved premises, and a three-level decrease for acceptance of responsibility, Petitioner was assessed a total offense level of 39. *Id.* at 6–8. With a Criminal History Category of VI, Petitioner's advisory guideline range was restricted to 360 months. *Id.* at 34. On September 6, 2016, the Petitioner was sentenced to 240 months (20 years) on Count Two followed by six (6) years of supervised release. J. of Pet'r, ECF No. 34. Petitioner is currently incarcerated at FCI Bennettsville, a BOP facility in South Carolina.[1] His projected release date is February 6, 2033.[2]

On June 25, 2020, Petitioner filed his first Motion for Compassionate Release, which was supplemented after the Court appointed him counsel. ECF Nos. 71, 83. In that motion, Petitioner argued that his underlying health conditions placed him at higher risk of serious illness because of the COVID-19 pandemic. *Id.* On November 23, 2020, the Court denied Petitioner's first Motion for Compassionate Release, finding that Petitioner did not show a particularized susceptibility to the coronavirus or a particularized risk of contracting COVID-19 at his prison facility. Mem. Op. & Order Deny'g Compass. Release, ECF No. 86. In addition, the Court held that the 18 U.S.C. § 3553(a) factors did not weigh in favor of his early release. *Id.* Thus, the Court found that Petitioner did not set forth extraordinary and compelling reasons granting compassionate release. *Id.*

On April 25, 2022, Petitioner filed the instant *pro se* letter motion asking the Court to appoint counsel and seeking relief based on Amendment 782 to the U.S. Sentencing Guidelines

---

[1] *See also* Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited May 8, 2023) (listing Petitioner's release date as February 6, 2033).
[2] *Id.*

2

("U.S.S.G."). Pet'r's Second Mot. On May 13, 2022, the Court appointed the Office of the Federal Public Defender to represent Petitioner in this matter. ECF No. 88. On June 12, 2022, Petitioner's counsel filed a Motion to Withdraw, arguing that Petitioner had no viable claims for relief under the law. Mot. to Withdraw, ECF No. 94. [3] ECF No. 96. On July 11, 2022, Petitioner filed a *pro se* response, supplementing his initial letter motion. ECF No. 97. On October 31, 2022, the Government responded in opposition. Resp. Opp., ECF No. 99. On January 1, 2023, Petitioner provided supplemental grounds for his compassionate release. ECF No. 102.

## II. LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the BOP bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to

---

[3] On October 24, 2022, the Court issued an order granting appointed counsel's Motion to Withdraw as Attorney. ECF No. 98.

3

the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### B. Amendment 782

When a court imposes a sentence of imprisonment, that is considered a final judgment on the matter. 18 U.S.C. § 3582(b). It is well established that "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (citing *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)). Under statutory law, a "court may not modify a term of imprisonment once it has been imposed" except in limited circumstances. 18 U.S.C. § 3582(c). A court may modify an imposed term of imprisonment if it is expressly permitted by statute. 18 U.S.C. § 3582(c)(1)(B). The FIRST STEP Act is a statute that expressly permits courts to modify a term of imprisonment. *United States v. Wirsing*, 943 F.3d 175, 178 (4th Cir. 2019), as amended (Nov. 21, 2019). A court may also modify a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission…" 18 U.S.C. § 3582(c). Thus, a court may modify a sentence based on Guidelines Amendment 782 which lowered the base offense levels assigned to different amounts of cocaine base. *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016).

### C. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the FIRST STEP Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release . . . [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts . . . ."); *United States v. Fox*,

2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

Petitioner seeks relief based on Amendment 782 under 18 U.S.C. § 3582(c)(2). See ECF Nos. 94, 97. Petitioner is also seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his guidelines range would be lower than the sentence imposed if the Court considered his alleged misclassification as a career offender and the sentencing disparity between crack versus powder cocaine. ECF Nos. 97, 102. The Court considers each of Petitioner's arguments in more detail below.

#### A. The Threshold Requirement

The Court finds that Petitioner has satisfied the threshold requirement of 18 U.S.C. § 3582(c)(1)(A). On June 26, 2020, Petitioner submitted a Request for Compassionate Release to the Warden of FCI Bennettsville. ECF No. 83, Ex. 1. On July 20, 2020, the Warden denied Petitioner's request. *Id.* at Ex. 2. On April 25, 2022, Petitioner filed a second *pro se* motion for compassionate release. Letter Mot. Compassion. Release, ECF No. 87. Petitioner's former counsel attempted to email FCI Bennettsville to request an appointment to speak with Petitioner about his claims, but FCI Bennettsville failed to response to these requests. ECF No. 94. In addition, the Government does not make any arguments regarding the threshold requirement. Thus, the Court finds that more than 30 days have passed since Petitioner filed his request and the threshold

6

requirement has been met.

### B. 18 U.S.C. § 3582 relief based on Amendment 782

Next, the Court considers the merits of Petitioner's claims for a reduced sentence. First, the Court considers Petitioner's request for relief under 18 U.S.C. § 3582(c)(2) based on Amendment 782, which retroactively lowered the base offense level for most drug offenses by two-levels. *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Under 18 U.S.C. § 3582, a court may reduce the term of imprisonment for a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission..." *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). Here, however, Petitioner's original sentence was not subsequently lowered by the Sentencing Commission and Petitioner has already benefitted from a reduced sentence under the Amendment, which became effective on November 1, 2014.[4] On September 6, 2016, Petitioner was sentenced by this Court using the 2015 Sentencing Guidelines. *See* PSR; ECF No. 34. According to the PSR, Petitioner was assessed a total offense level of 37 and a criminal history category of VI. PSR at 34. Petitioner was attributed with 1,503.04615 grams of "crack" cocaine and 3 kilograms of powder cocaine for his narcotics trafficking from 2012 to 2015. *Id.* at 8-9. This converted drug weight placed Petitioner at a base offense level of 32 based on the changes made by Amendment 782, which lowered Petitioner's applicable drug guidelines range. *Id.* Even if Petitioner were sentenced today, his advisory guidelines range would be the same because he was originally sentenced in accordance with the changes made by Amendment 782. Therefore, Petitioner is ineligible for any further relief under Amendment 782.

---

[4] Since Amendment 782 became effective on November 1, 2014, the Court relies on the 2015 Guidelines Manual for the sake of accuracy and precision. *See* U.S. SENT'G GUIDELINES MANUAL § 2D1.1 historical n. (U.S. SENT'G COMM'N 2014). The Court notes, however, that the most recent version of the Guidelines reflects the same designation.

### C. Petitioner's Compassionate Release Request

Next, the Court turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence. Petitioner requests an order modifying his sentence to time-served based on (i) his career offender designation and (ii) a December 16, 2022 memorandum to all federal prosecutors from the Attorney General Merrick Garland, regarding general department policy changes to charging, pleas, and sentencing in drug cases.[5] ECF Nos. 97, 102. Together, Petitioner alleges these circumstances constitute extraordinary and compelling reasons that warrant his release.

Any reduction under § 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). In *McCoy*, the Fourth Circuit held that "there currently exists no 'applicable policy statement' " because the Sentencing Commission has not issued a policy statement since the passage of the First Step Act. *Id.* at 281. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.' " *Id.* at 284 (alteration omitted) (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this court after the Fourth Circuit's decision in *McCoy*, the court finds certain of its provisions useful in addressing the instant Motion. For example, the court will still consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," U.S.S.G. § 1B1.13, and whether "[t]he defendant is ... a danger to the safety of any other person or to the community," *id.* § 1B1.13(2), because

---

[5] Attorney General Merrick Garland, *Memorandum for all Federal Prosecutors* (Dec. 16, 2022), available at https://www.justice.gov/media/1265321/dl?inline.

8

these considerations remain highly relevant to whether a reduction in sentence is warranted in this case. *See United States v. Dean*, Case No. 15-CR-0339(1), 2020 WL 7055349, at *1-2 (D. Minn. Dec. 2, 2020) (citing *McCoy* and stating that "the court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding").

### *i. Career Offender Designation*

Petitioner first argues that the Court should reduce his sentence because he no longer qualifies as a career offender under the Sentencing Guidelines in light of the Fourth Circuit's decision in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019) and the Supreme Court decision in *Conception v. United States*, 142 S. Ct. 2389, 2401 (2022). *See* ECF No. 97. Specifically, Petitioner asks the Court to reduce his sentence in consideration of the fact that, were Petitioner sentenced today, he would not have received a "career offender" enhancement at the time of sentencing. *Id.* In response, the Government argues that Petitioner's was properly classified as a career offender and any argument regarding his misclassification as a career offender should have been raised in a § 2255 Motion. Resp. Opp. at 10-12.

As a preliminary matter, the Court finds that Petitioner's career offender argument is cognizable on a motion for compassionate release. *See United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances…an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). The Fourth Circuit made clear in *McCoy* that § 3582(c)(1)(A)(i) was intended "to capture the truly exceptional cases that fall within no other statutory category." 981 F.3d at 287 (emphasis added). Because misapplication of the career offender Guideline does not fall within the scope of § 2255, or any other statute for that matter, the Court concludes that the Defendant may raise this argument in a motion for

9

compassionate release under § 3582(c)(1)(A)(i). *See United States v. Foote*, 784 F.3d 931, 940-44 (4th Cir. 2015) (holding that the improper application of the career offender guideline is not a fundamental defect cognizable in a § 2255 proceeding). However, to the extent that Defendant requests the Court to find one of his felony convictions invalid under *Mathis*, this argument is not cognizable on a motion for compassionate release. *United States v. Ferguson*, 55 F. 4th 262 (2022) (noting that the correction of a purportedly illegal sentence is the exclusive remedy within the province of § 2255).

Notwithstanding the above, the Court finds that Petitioner was properly classified as a career offender under U.S.S.G. § 4B1.1. Pursuant to U.S.S.G. § 4B1.1, a defendant is a career offender for sentencing purposes if (1) he is eighteen years old at the time of the instant offense; (2) he has two prior felony convictions that qualify as a crime of violence or a controlled substance offense; and (3) the instant offense is a crime of violence or a controlled substance offense. At sentencing, the Court noted that Petitioner was thirty-three years old at the time of the offense of conviction, which was possession with intent to distribute cocaine base. *See* ECF No. 43. In addition, the Court found that Petitioner had several qualifying controlled substance offenses, including three 2003 convictions for possession with intent to distribute a controlled substance and two 2005 convictions for possession with intent to distribute a controlled substance. *Id.* Under the Guidelines, Petitioner's Virginia convictions for possession with intent to distribute drugs qualified as their own controlled substance offenses because U.S.S.G. § 4B1.2(c) indicates that each of the career offender predicate offenses must be counted separately under U.S.S.G. § 4A1.1. Petitioner is likewise ineligible for any further reductions under the Fair Sentencing Act because his sentence "was previously imposed...in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *See Concepcion*, 142 S. Ct. at 2401 (quoting 132 Stat.

5222). Despite his contentions, Petitioner was and remains properly classified as a career offender under the 2021 Sentencing Guidelines. Based on the foregoing, the Court will not reduce Petitioner's sentence based on his alleged career offender misclassification.

### ii. Department of Justice Memorandum

Next, Petitioner seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) in light of Attorney General Merrick Garland's new Department of Justice ("DOJ") memorandum to all federal prosecutors regarding sentencing disparities in cases involving distribution of cocaine base and crack and powder cocaine. ECF No. 102 at 1. Petitioner asserts that he would have the benefit of the Attorney's General's policy guidance if he were sentenced today. *Id.*

The Court assumes that Petitioner is referring to the December 16, 2022 Department of Justice "Memorandum for all Federal Prosecutors" in drug cases, which states:

> [t]he Justice Department supports elimination of the crack-to-powder sentencing disparity and has testified before Congress in support of the EQUAL Act, S. 79, which would remove that disparity." Thus, when prosecutors are handling crack cocaine cases, they are encouraged to, among other things, advocate for a sentence consistent with the guidelines for powder cocaine rather than crack cocaine. Where a court concludes that the crack cocaine guidelines apply, prosecutors should generally support a variance to the guidelines range that would apply to the comparable quantity of powder cocaine.[6]

However, that memorandum makes clear that the policies described therein "are not intended to create a substantive or procedural right or benefit, enforceable at law." *Id.* As discussed above, Petitioner has received the benefit of the Fair Sentencing Act with respect to sentencing disparity between crack and powder cocaine, and Section 3582(c)(1)(A)(i) only provides for a sentence reduction based on extraordinary and compelling reasons. Although the Court is entitled to find a disparity between a defendant's actual sentence and what it would be under current law to

---

[6] *Id.*

constitute extraordinary and compelling circumstances, even if the changes have not been made retroactive, the Attorney General's memorandum does not reflect a change to current law. Instead, it is an internal policy document for the Department of Justice and there is no basis to conclude that the United States Attorney's Office would make a different charging decision, regarding the amount or number of counts included in Petitioner's indictment given his offense conduct. Based on the foregoing, the Court does not find that the Department of Justice memorandum provides an extraordinary or compelling reason for reducing Petitioner's sentence any further.

### iii. 3553(a) Factors

Finally, even if Petitioner was correct in asserting that his overall sentence would be different given the Justice Department's support for the elimination of the crack-to-powder sentencing disparity, that alone would not automatically entitle Petitioner to a reduced sentence. In *McCoy*, the Fourth Circuit held that district courts had discretion to consider "the severity of the defendants'...sentences and the extent of the disparity between the defendants' sentences and those provided for under [current law]," when deciding a motion for compassionate release. 981 F.3d at 286. Nothing in *McCoy*, however, requires the court to reduce a defendant's sentence once the defendant shows that new statutory or case law would have benefitted the defendant, if such law had existed at the time of the defendant's sentencing. *See id.* Therefore, the Court must still decide whether to reduce Petitioner's sentence based on a "full consideration of [Petitioner's] individual circumstances." *Id.*

In weighing Petitioner's argument with the sentencing factors outlined in 18 U.S.C. § 3553(a), and the record of this case, the Court concludes that Petitioner's circumstances do not warrant a reduction in his sentence. First, the seriousness of Petitioner's conduct for his underlying

offense remains unchanged. Petitioner was an organizer and leader of a narcotics trafficking scheme where he managed at least four other co-conspirators in Virginia Beach, Virginia. PSR at ¶¶ 8-37. Petitioner also has an extensive juvenile and adult criminal record. *Id.* at ¶¶ 53-57, 60-83. Moreover, Petitioner has several disciplinary infractions while incarcerated at FCI Bennettsville. ECF No. 83 at Exhibit 3. To date, Petitioner has only served approximately 38.7% of his 240-month sentence, with a projected release date of January 23, 2033. *Anders* Mot. at 6; Ex. 2. Although the Court notes that Petitioner has completed various educational courses, maintained steady work since October 2019, received his GED, and completed various drug abuse and education programs, a "defendant's rehabilitation alone proves insufficient to warrant a sentence reduction." *See United States v. Woolridge*, No. 3:09CR156 (DJN), 2021 WL 415131, at *7 (E.D. Va. Feb. 5, 2021); *see also United States v. Ahmad*, No. 1:11-cr-554-TSE, ECF No. 75 (E.D. Va. Apr. 8, 2021) (finding that the defendant's coursework did not support compassionate release, reasoning that "[i]t is not uncommon for a defendant to take educational classes to pass the time in prison."). In addition, at Petitioner's original sentence the Court imposed a below-Guidelines sentence of two hundred and forty (240) months after finding a variance appropriate.[7]

Ultimately, Petitioner has not demonstrated extraordinary and compelling reasons for a reduced sentence and his early release would not promote respect for the law or provide adequate deterrence. *See United States v. Hill*, No. 3:14cr114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) (denying compassionate release where the defendant had "served only 40% of his 188 month

---

[7] The Court notes that on May 13, 2022, the Court directed Petitioner's appointed counsel to conscientiously review Petitioner's case to determine whether Petitioner's request for relief is frivolous and file a motion to withdraw as counsel, pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), with any information in the record that might arguably support Petitioner's claim for relief. ECF No. 88 at 2 ¶ 3. On June 12, 2022, Petitioner's appointed counsel filed his Motion to Withdraw in accordance with this Court's orders. ECF No. 94. In that motion, counsel explained that Petitioner had no meritorious grounds for compassionate release. *Id.*

sentence, which may not afford adequate deterrence to his criminal conduct"). The Court has weighed the § 3553(a) factors and all of Petitioner's arguments in his *pro se* Motion and finds that there are no meritorious grounds for Petitioner's compassionate release. Therefore, Petitioner does not qualify for compassionate release.

## IV. CONCLUSION

For the foregoing reasons, and for those the Court stated in its decision on November 23, 2020, Petitioner has not shown an extraordinary and compelling reason for a reduction in his sentence. Thus, Petitioner's *pro se* Motion for a Sentence Reduction, ECF No. 97, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 17, 2023

Raymond A. Jackson
United States District Judge